IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**KRISTIN M. KINGREY**

      **Plaintiff,**

v.                                                     Civil Action No: 21-CV-00612

**CHRISTINE WORMUTH, SECRETARY
OF THE DEPARTMENTOF THE ARMY;
FRANK KENDALL, SECRETARY OF
THE DEPARTMENT OF THE AIR FORCE**

      **Defendants.**

## PLAINTIFF'S OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE

Defendants have filed *four* Motions in Limine (ECF Nos. 59, 61, 63, 65). Not one is unique to the facts or evidence in this case. Worse, they seem to rest on the notion that Plaintiff's counsel is unfamiliar with basic principles of proper trial argument (e.g., Thou Shall Not Make "Golden Rule" Arguments) or procedure (e.g., sequestration of witnesses). These motions could have been a call, email, or—at most—a few fleeting moments at the Pretrial Conference. Instead, here we are—even though this Court has repeatedly rejected this type of motions practice:

> I expect counsel to be familiar with the Federal Rules of Evidence and therefore not offer evidence he or she knows is inadmissible. I refuse to validate the plaintiffs' effort to elicit an order from me simply requiring that basic rules be followed.

*Wise v. C.R. Bard, Inc.*, No. 2:12-CV-01378, 2015 WL 541933, at *3 (S.D.W. Va. Feb. 10, 2015) (Goodwin, J.). And as this Court is well-aware, this case involves a statutory attorney's fee-shifter, which often drives the parties apart at settlement. Unnecessary and boilerplate motions practice only compounds that problem. These motions should be denied.

**I.  Motion in Limine of Defendants to Preclude Plaintiff and Her Counsel from Making Golden Rule Arguments During the Trial of this Civil Action (ECF No. 59)**

Plaintiff and her counsel simply know better and do not intend to go beyond the bounds of permissible advocacy. Thus, this Court should deny Defendants' motion as moot.

**II.  Motion in Limine of Defendants to Exclude any Expert Witness Opinions Not Already Disclosed by the Plaintiff (ECF No. 61)**

Plaintiff has fully complied with the Federal Rules of Civil Procedure governing the disclosure of experts and does not intend to offer any undisclosed experts. Additionally, Defendants have not indicated *what* undisclosed expert opinions they believe Plaintiff will attempt to elicit at trial. As such, the Defendants' motion should be denied as premature. *See Watkins v. Cook Inc.*, No. 2:13-CV-20370, 2015 WL 1395638, at *7 (S.D.W. Va. 2015) (Goodwin, J.) ("An evidentiary ruling on this issue depends on the particular content of the evidence and argument, and the context in which the party seeks to introduce it. I simply cannot make a substantive ruling at this time without additional information. Therefore, a blanket exclusion of such evidence, argument, or testimony would be premature.").

**III.  Motion in Limine of Defendants to Exclude Evidence of Damages Not Already Disclosed by Plaintiff (ECF No. 63)**

Again, Plaintiff has complied with the Federal Rules of Civil Procedure pertaining to the disclosure of witnesses and evidence. Plaintiff Kingrey was disclosed as a witness in her opening disclosures, and she intends to testify at trial about the damages she has suffered. The Defendants have—*once again*—failed to identify what evidence they believe Plaintiff will attempt to admit at trial that has not been previously disclosed. Accordingly, this Court should deny the Defendants' motion as premature. *See id.*

IV.     **Motion in Limine of Defendants to Sequester Witnesses at Trial (ECF No. 65)**

Plaintiff does not oppose the sequestration of witnesses in accordance with Federal Rule of Evidence 615. Any such sequestration would not apply to Plaintiff. *See* Fed. R. Evid. 615(a).

        **Kristin M. Kingrey**
        **By Counsel**.

        */s/ Michael B. Hissam*
        Michael B. Hissam (WVSB #11526)
        Casey E. Waldeck (WVSB #14001)
        HISSAM FORMAN DONOVAN RITCHIE PLLC
        P.O. Box 3983
        Charleston, WV 25339
        681-265-3802 *office*
        304-982-8056 *fax*
        mhissam@hfdrlaw.com
        cwaldeck@hfdrlaw.com